**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose Fecundo TRUJILLO,**
**Defendant-Appellant.**

**No. 77–1505.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 10, 1978.

Decided June 22, 1978.

Joseph F. Dolan, U. S. Atty., Denver, Colo. (Rodney W. Snow, Asst. U. S. Atty., Denver, Colo., with him on the brief), for plaintiff-appellee.

Daniel J. Sears, Federal Public Defender, Denver, Colo., for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and LOGAN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant-appellant Trujillo was indicted for making false statements in the acquisition of a firearm. See 18 U.S.C. §§ 922(a)(6) and 924(a). His defense was insanity at the time of the commission of the offense. The jury found him guilty. He was sentenced under 18 U.S.C. § 4205(c) and (d) and appeals. We affirm.

On December 5, 1976, in Grand Junction, Colorado, defendant purchased a .22 caliber pistol from a licensed dealer. In connection with the purchase, he completed and signed ATF Form 4473. Question 8b of the form queried whether he had been convicted of an offense punishable by imprisonment for more than a year, and question 8e asked whether he had "ever been committed to a mental institution." He answered no to both questions and the purchase was consummated. The store clerk testified that the purchaser "acted like a normal individual."

Four days later a nurse in the Veterans Hospital at Grand Junction found in plain view on a bed, where defendant was sleeping, a loaded pistol which she took and gave to the authorities. The pistol was the one purchased earlier by the defendant. An investigation by federal agents resulted in the indictment of the defendant.

Defendant filed a timely notice of intent to rely on the defense of insanity at the time of the alleged crime. See Rule 12.2, F.R.Crim.P. The government proved the purchase by, and statements of, the defendant. The defense does not contest the transaction. To establish statement falsity, the government called a California police officer who testified that he had handled a California case relating to defendant. He testified that defendant was convicted of "attempted murder" and upon trial of the issue of sanity was found to be insane. The witness identified Exhibit 5, a copy of the California commitment which states that the defendant was charged with assault with intent to commit murder, pleaded not guilty and not guilty by reason of insanity. In accordance with California procedure, defendant was first tried and found guilty, of the offense. A second trial was held to determine sanity and the jury found him insane at the time of the offense. On July

28, 1969, defendant was committed to a California mental hospital.

Defense moved for a mistrial because of the testimony of the police officer as to the conviction. The California Penal Code, Title 6, § 1026, provides that when a defendant pleads not guilty by reason of insanity, he will first be tried as to guilt or innocence and, if found guilty, will then be tried on the issue of sanity. In applying § 1026, the California courts apparently hold that an adjudication of insanity is an acquittal. See *In re Franklin,* 7 Cal.3d 126, 496 P.2d 465, 466, 101 Cal.Rptr. 553, 554, where the California Supreme Court refers to the statute as providing "for the commitment and release of persons, who following trial for a criminal offense, are acquitted by reason of insanity."

In denying the mistrial motion, the district court held that under the California law no conviction was established and that Exhibit 5 was admissible to show commitment to a mental institution. The court sustained a defense motion to strike all testimony relating to the conviction. Before proceeding further before the jury, the court instructed the jury that:

" * * * as a matter of law that there has been no proof that he [defendant] has been convicted of a felony within the meaning of the Federal statute, that the only issue before you now is whether there has been a violation of the statute because of a purchase of a gun by a man who has been theretofore committed to a mental institution, and that is the issue and that is the way we are going to try the case."

The court substantially repeated the statement in its final instructions to the jury.

■ The testimony of the California officer relating to the conviction was stricken and the jury told to disregard it. At the request of the defendant, all of Exhibit 5 was eliminated except the certified copy of the commitment which contained the statement that defendant was charged with "two counts of Assault with Intent to Commit Murder." The defense did not seek the deletion of the reference to the assaults charged. The denial of the mistrial motion was not an abuse of discretion or a manifest injustice. *United States v. Smaldone,* 10 Cir., 485 F.2d 1333, 1349. The defense of insanity was not prejudiced. As will be noted later, the nature of the California charge was mentioned in defense Exhibits B and B–1.

For the convenience of a witness, the court allowed the defense to call out of turn a California official who produced and identified as defense Exhibits B and B–1, the records of several California mental institutions in which defendant had been confined. The defense moved the admission of Exhibits B and B–1 "for the limited purpose of authenticated records." After some colloquy, the court said: "But the stipulation is that the exhibits can be received in evidence and considered by any expert who may wish to rely on them in the course of his or her testimony * * *."

An agent for the Federal Bureau of Investigation, FBI, testified that on the same day that the gun was found on defendant's bed, he interviewed defendant at the hospital. Defense counsel moved for a hearing out of the presence of the jury. The court held that the proffered testimony was admissible.

In the presence of the jury, the agent testified that at the original interview in the hospital he gave the defendant the *Miranda* warning and defendant said in broken English that he did not read, write, or understand the English language. While defendant was dressing, a nurse told the agent that defendant was articulate in English. The agent then took defendant to the police station where a Spanish interpreter was available. On arrival the agent confronted the defendant with the nurse's statement. Defendant admitted his understanding of English. The agent again gave the *Miranda* warning. Defendant said that he did not wish to make any statement until he had consulted an attorney. Defense counsel then moved for a mistrial because the statement was an impermissible comment on defendant's Fifth Amendment privilege. The court denied the mo-

tion. In response to the agent's questions, defendant gave his name, physical description, date and place of birth, education, social security number, and names of his parents and their addresses.

▇ The agent's testimony that defendant did not want to make a statement until he consulted a lawyer was factual and not controverted. The issue in the case, properly raised by a pre-trial notice, was the defense of insanity at the time of commission of the offense charged. The government did not exploit post-arrest silence. See *United States v. Hale,* 422 U.S. 171, 181, 95 S.Ct. 2133, 45 L.Ed.2d 99. Because the defendant did not take the stand, the agent's testimony had no impeaching purpose. See *Harris v. New York,* 401 U.S. 222, 226, 91 S.Ct. 643, 28 L.Ed.2d 1, and *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 49 L.Ed.2d 91. Post-arrest silence may be pertinent to a claim of insanity. *United States v. Julian,* 10 Cir., 450 F.2d 575, 578–579; see also *United States v. Coleman,* 10 Cir., 501 F.2d 342, 346. In the circumstances presented, defendant's request for a lawyer and his answers to the personal identification questions disclosed understanding and awareness proper for consideration in determining his sanity. The danger of unfair prejudice is minimal and the probative value substantial. See Rule 403, Federal Rules of Evidence. The trial court properly denied the motion for mistrial because of the agent's testimony.

Exhibits B and B–1 are voluminous reports on the condition and history of the defendant covering the four-year period from his commitment until his release from various California mental institutions. Included therein are statements that defendant had been charged with assault to commit murder by use of a firearm, had been acquitted by reason of insanity, had been convicted in Colorado of rape, had been charged in Colorado with molestation, had hallucinations, was subject to problems arising from drinking alcohol, suffered from depression and emotional instability, and had assaulted fellow inmates. The diagnosis, repeated several times in the exhibits, was "schizophrenia, paranoid type."

For the government, a psychiatrist, Dr. Delehanty, testified that he had examined the defendant and Exhibits B and B–1 and that defendant was sane at the time of the commission of the offense. The defense presented the testimony of two psychiatrists, Dr. Egan who examined the defendant and Exhibits B and B–1, and Dr. Troy who examined defendant at the Veterans Hospital on the day before the gun purchase. Both testified that defendant was insane at the time of the purchase.

Defendant claims error in the receipt and submission to the jury of defendant's medical records, Exhibits B and B–1. Here again it must be remembered that the commission of the offense is not controverted and the sole issue is defendant's sanity. Defense said that he offered them "for the limited purpose of authenticated records from Patton State Hospital and for no other purpose." The court received the exhibits and they were extensively used by the defense in the cross-examination of the government psychiatrist and the direct examination of a defense psychiatrist. Rule 703, Federal Rules of Evidence, which permits experts to base an opinion on data reasonably relied on in a particular field but not necessarily admissible in evidence, has no pertinence here. The exhibits were offered, received, and used.

▇ The defense claim of a limited offer does not impress us. The exhibits showed violent conduct, including the use of a gun. They also showed aberrations and lack of orientation bearing on mental condition. The defense seeks to take all advantage of the exhibits and avoid all disadvantage. The defense made no request for the excision of the portions of the exhibits which it deems prejudicial to the defendant and for any instruction limiting the use of them. In the absence of such requests, defendant has no ground for complaint against the submission of the exhibits to the jury. *Troutman v. United States,* 10 Cir., 100 F.2d 628, 634.

▇ Defendant contends that the government did not prove his sanity beyond

a reasonable doubt, and cites *Phillips v. United States,* 10 Cir., 311 F.2d 204, and *Fitts v. United States,* 10 Cir., 284 F.2d 108. In each case the government relied on the presumption of sanity and offered no evidence on the issue, 284 F.2d at 112, and 311 F.2d at 206–207. In the instant case the government presented the testimony of a psychiatrist and it was bolstered by lay witnesses, the clerk who sold the gun and the FBI agent. Substantial evidence sustains the verdict.

Affirmed.